# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **PROJECT VERITAS,**<br>        *Plaintiff,*<br><br>v.<br><br>**CABLE NEWS NETWORK, INC.,**<br><br>        *Defendant.* | Civil Action No.<br>1:21-cv-01722-SCJ |

## PLAINTIFF'S OPPOSITION TO DEFENDANT CABLE NEWS NETWORK, INC.'S MOTION TO DISMISS

**DHILLON LAW GROUP INC.**
Harmeet K. Dhillon (*pro hac vice*)
Ronald D. Coleman (*pro hac vice*)
Karin M. Sweigart (*pro hac vice*)
177 Post Street, Suite 700
San Francisco, CA 94108
Phone: (415) 433-1700
Fax: (415) 520-6593

**CHALMERS & ADAMS LLC**
Douglas Chalmers, Jr. (GA Bar #118742)
Heather Wagner (GA Bar # 962353)
5805 State Bridge Road #G77
Johns Creek, GA 30097
Phone: (770) 630-5927
Fax: (866) 716-6089

*Attorneys for Plaintiff*
*Project Veritas*

Dated: July 8, 2021

**INTRODUCTION**

"The duty of journalists is to tell the truth. Journalism means you go back to the actual facts, you look at the documents, you discover what the record is, and you report it that way."

– Noam Chomsky

Reporting on February 15, 2021, about alleged "QAnon" conspiracies and misinformation on her program at Defendant Cable News Network, Inc. ("CNN"), host Ana Cabrera ("Cabrera") stated that Twitter suspended Plaintiff Project Veritas for promoting "misinformation" when, a mere four days earlier, both CNN generally and Cabrera specifically reported a very different reason for Twitter's ban of Plaintiff Project Veritas: disseminating accurate but "private" information. It is virtually a tautology to state that "misinformation" means false or inaccurate information. It is also evident that accusing a journalism organization of spreading <u>false</u> information is different from accusing it of spreading <u>private</u> information. Even CNN knows that. But in its Brief Supporting the Motion to Dismiss ("CNN Brief"), CNN now claims that Project Veritas is engaging in "hair-splitting" by trying to distinguish between the two. CNN Brief 2. CNN knows better – as will a jury.

Project Veritas is an investigative journalism organization that rejects the peddling of biased narratives and exalts the traditional journalistic notion that truth matters. Whether or not CNN agrees with that – and the hostile

tone of the legally irrelevant allegations in the "Background" section of its Motion suggests it does not – the false and defamatory claim that Twitter banned Project Veritas for "promoting misinformation" goes to the heart of Project Veritas's reputation and mission. CNN Brief 6.

Far from demonstrating a commitment to truth, CNN suggests the distinction between telling the truth and telling a lie is "hair-splitting." CNN repeatedly misrepresents what Project Veritas "does not dispute" to include material factual claims that Project Veritas disputes *explicitly* in the very allegations of the Complaint. *See* CNN Brief 1, 2, 14. CNN further betrays the truth in its self-contradicting argumentation. For example, CNN claims that the CNN segment that included its lie about Project Veritas focused on "misinformation" before alleging that the subject of the segment was social media practices in general, CNN Brief 5–6; CNN defines "misinformation" as "false information" before switching gears and then asserting that *accurate* information can be "misinformation" too, CNN Brief 18; and CNN even describes journalistic methods it utilizes, as loathsome and shocking in the hands of Project Veritas. CNN Brief 18.

If, as Disraeli said, justice is indeed "truth in action," there could be no justice in dismissing this action brought to redress a falsehood, through a defense built on a foundation of untruths. As alleged in the Complaint, CNN's

2

statements defamed Project Veritas; CNN knew the statements were false when it published them; and Project Veritas was damaged as a consequence. Project Veritas respectfully requests this Court deny CNN's Motion to Dismiss.

## FACTS

Much of what CNN claims is "undisputed" is, in fact, vigorously disputed. The material facts alleged in the Complaint – deemed true on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) – are objectively straightforward and, as will be shown in discovery, readily amenable to proof. Project Veritas is an investigative journalism organization whose reputation depends on its ethical and transparent conduct, and its production of reliable and accurate news reporting. Compl. ¶¶ 3, 12. Project Veritas's mission requires its faithful adherence to traditional notions of journalistic integrity, and promoting misinformation would violate Project Veritas's mission and purpose, and belie the values required for professional journalists. Compl. ¶ 11.

On February 11, 2021, Twitter suspended the account of Project Veritas, accusing Project Veritas of violating a Twitter policy prohibiting the publication of "private information." Compl. ¶ 5. That same day CNN widely reported Twitter's permanent ban of Project Veritas and Twitter's stated reasons for doing so, including direct reporting on the matter by CNN anchor Cabrera. Compl. ¶ 6.; CNN Motion, Ex. 2. Four days later, however, on

February 15, 2021, on a nationally-broadcast CNN segment discussing alleged "QAnon" conspiracies and the spread of misinformation, Cabrera – despite having *herself* reported that Project Veritas was suspended for a supposed violation of Twitter's policy regarding the sharing of true, "personal" information – stated twice in the space of approximately one minute that Twitter banned Project Veritas because of what she described as promotion of "misinformation." Compl. ¶ 39; CNN Brief, Ex. 3, at 20.

Cabrera's statement, quoted in full in CNN's brief but missing the latter half when produced in CNN's Exhibit 3, was:

> We're starting to see companies crack down to try to stop *the spread of misinformation* and to hold some people who are spreading accountable, Brian. *For example, Twitter has suspended the account of Project Veritas* … this is a part of a much broader crackdown as we mentioned by social media giants on *accounts that are promoting misinformation*."

CNN Brief 6 (emphasis added). Project Veritas notified CNN of these false statements shortly after Cabrera made her on-air comments. Compl. ¶ 12. Despite being apprised that CNN's own, radically different reporting demonstrated that Cabrera's statement was false, CNN has refused to retract or publicly correct its defamatory statements, leading to this lawsuit. *Id.*

## LEGAL STANDARD

### A. <u>Standards under Federal Rule of Civil Procedure 12(b)(6)</u>

The CNN Brief incorrectly states that Project Veritas is required to prove that CNN's statements were "materially false by clear and convincing evidence" to survive CNN's motion to dismiss. CNN Brief 10. On a motion to dismiss for failure to state a claim, it is black-letter law that all well-pleaded factual allegations in the complaint must be taken as true and the complaint must be construed in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). The pleading standard is minimal. *See Donald J. Trump for President, Inc. v. CNN Broad., Inc.*, 500 F. Supp. 3d 1349, 1353 (N.D. Ga. 2020) (applying New York Law in a defamation action). To overcome a Rule 12(b)(6) motion, a complaint need only contain enough facts that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need merely "proffer enough factual content to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health & Human Services*, 623 F.3d 1371, 1381 (11th Cir. 2010) (internal quotation omitted).

A court may not consider information or materials beyond the complaint on a motion under Rule 12(b)(6). *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). The court may only treat documents as incorporated by reference

into a complaint if "[1] a plaintiff refers to a document in its complaint, [2] the document is central to its claim, [3] its contents are not in dispute, *and* [4] the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (emphasis added).

### B. CNN's Motion is replete with improperly submitted documents, evidence, and factual claims not incorporated in the Complaint <u>or fairly attributable to Project Veritas.</u>

Rule 12(b)(6) and *Twombly* establish plain and minimal requirements of notice pleading, but CNN's Motion to Dismiss introduces a myriad of purported facts not alleged in the pleadings. Project Veritas would be entitled to seek an order striking this extraneous material. To conserve the Court's time and resources, however, Project Veritas brings them to the Court's attention here and notes that the Court should disregard them.

Contrary to the opening sentence of CNN's Introduction, Project Veritas *does* dispute that it engaged in "misconduct endangering others." CNN Brief 1. The act that served as the pretext for Project Veritas's permanent suspension was the posting of a video interview taken outside a home, which Project Veritas found using readily available public sources, which briefly showed a house number. Compl. ¶ 27. No street name, city, or state were revealed, and no claims were made the interview took place outside the interviewee's home. Project Veritas did not violate anyone's privacy, and further, whether it did is

irrelevant to its claims here. For this reason, CNN's Exhibit 1, Twitter's privacy policy, is not relevant: Whether Project Veritas *actually* violated Twitter's "private information" policy is not at issue. CNN evidently chose to nonetheless place this before the Court in an attempt to paint Project Veritas as a bad actor. This is particularly ironic coming from CNN, whose account still displays a tweet with over 2.2 million views and which accuses a private senior citizen of spreading "Russian misinformation" while revealing that person's home address. Compl. ¶ 28. But CNN cannot hide behind Twitter's privacy policy here, because this is not a "deplatforming" case against Twitter; it is a defamation case against CNN based on CNN's false claim that Project Veritas was banned for "misinformation."

Irrelevance is one thing, but affirmatively misrepresenting the record, as the CNN Brief does by describing innumerable key, disputed assertions as "undisputed," is yet another betrayal of the truth. In fact, the entire contents of footnotes (1) and (3) of the CNN Brief are an inappropriate attempt to poison the well by introducing dubious factual claims and half-truths, neither alleged nor incorporated into the pleadings. They are not properly before this Court, and only serve to obfuscate the issues germane to this 12(b)(6) motion. CNN also enumerates a litany of purported facts from outside the pleadings it claims Project Veritas "does not dispute" – as if, Project Veritas had the duty to

preemptively "dispute" them in its complaint. CNN then implies that this "failure" to deny these dubious "facts" amounts to admissions by Project Veritas. CNN Brief 14.

CNN's attempt to erect a strawman of "undisputed facts," only to knock it down, has no place in this motion.  This motion concerns the legal sufficiency of the four corners of the Complaint.  CNN's "own versions" of the facts and its characterizations of Project Veritas's allegations may be appropriate at trial, but are of no moment in the consideration of whether a complaint states a legal claim. Nor does CNN demonstrate, as would be its burden, that its factual "submissions" were either sufficiently relied upon in the Complaint or central to Project Veritas's claims such that they could be deemed as incorporated into the pleading or to satisfy the criteria for judicial notice. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005).  For these reasons, Project Veritas respectfully requests that this Court decline to consider all of CNN's improperly included "facts," and every argument reliant upon those disputed facts.

## ARGUMENT

Georgia applies the traditional rule of *lex loci delicti* in multi-state defamation cases and has previously held that the place where a plaintiff is injured for choice-of-law purposes is its domicile. See *Adventure Outdoors, Inc. v. Bloomberg*, No. 1:06-cv-2897, 2007 WL 9735875, at *3 (N.D. Ga. Dec.

18, 2007); *Donald J. Trump for President*, *supra*, *id*. at 1353. Project Veritas's domicile is New York, and, therefore, New York law governs.

Defamation under New York law consists of five elements: "(1) a [] defamatory statement of and concerning the plaintiff; (2) publication to a third party; (3) fault; (4) falsity of the defamatory statement; and (5) special damages or per se actionability." *Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019). Public figures must further prove that "an allegedly libelous statement was made with actual malice, that is, made with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* (internal quote omitted). The Complaint readily meets these criteria.

CNN's Brief does not, and could not, dispute that Project Veritas has adequately alleged in its Complaint that Cabrera's comments were of and concerning Project Veritas, published to multiple third parties, the fault of CNN, and caused damage. CNN instead makes three arguments by way of what can only be described as deflection. First, CNN suggests that Project Veritas did not adequately plead the elements of "defamation by implication," both a false and irrelevant argument because Cabrera's statements were *directly* defamatory. Second, CNN urges that Cabrera's statements could be viewed as "substantially true" as a matter of law, despite the fact that they are properly and adequately alleged to be, and are in fact, demonstrably false on

9

their face. Third and finally, CNN claims that the Court must, as a matter of law, find that no plausible inference of malice can be made from the facts alleged by public figure Project Veritas – despite the allegation, supported by reference to the public record of what CNN said and when, that *Cabrera herself reported the truth* before stating a defamatory falsehood. CNN's arguments provide no grounds to dismiss the Complaint; each is addressed in turn.

### A. CNN's statements directly defamed Project Veritas by stating Twitter removed Project Veritas for promoting "misinformation."

Publication of false assertions of fact is defamation. *Palin*, 940 F.3d at 809.  In contrast, under New York law, defamation by implication "is premised not on direct statements but on false suggestions, impressions and implications arising from otherwise truthful statements." *Armstrong v. Simon & Schuster*, 85 N.Y.2d 373, 381 (1995) (internal quotation marks omitted). Here CNN argues that the Complaint fails to meet the standard for defamation by implication. Thus the defamatory falsity is based not on what was said, but rather "by omitting or strategically juxtaposing key facts." *Martin v. Hearst Corp.*, 777 F.3d 546, 552 (2d Cir. 2015). To prevail on a defamation by implication claim, a plaintiff must show "(1) that the language of the communication as a whole reasonably conveys a defamatory inference, and (2) that such language affirmatively and contextually suggests that the declarant

either intended or endorsed the inference." *Partridge v. State*, 173 A.D.3d 86, 91–92, 100 N.Y.S.3d 730, 735 (2019). Project Veritas's complaint more than meets this threshold – but this is beside the point, because the Complaint here actually alleges a *direct*, down-the-middle, false statement of purported material fact. The fact this false statement occurred over the course of two consecutive sentences does not make it any less direct.

To be clear, Cabrera's first sentence stated that social media companies were "cracking down to stop the spread of misinformation and to hold some people who are spreading it accountable."  Her next sentence was, "For example, Twitter has suspended the account of Project Veritas." Compl. ¶ 39. There was no commercial break, intervening fragment or other gap between these two statements. If there *had been* any doubt about her intent, however, Cabrera resolved it – almost as if to ensure that a message of "Project Veritas BAD" not be missed by CNN's audience – by reiterating the falsehood. This she did via a *third* sentence: "This is part of a *much broader crackdown* as we mentioned by social media giants *on accounts that are promoting misinformation*." Compl. ¶ 39. And, as discussed more fully in Section (C)(iii), the comments by CNN's Brian Stelter in response to Cabrera's false claim about Project Veritas reiterated the defamatory nature of Cabrera's comments, as do the context of the segment and the surrounding conversation.

11

"Misinformation" is "false information." CNN Brief pg.18. The only false information involved here, however, was Cabrera's double defamation. She falsely claimed that Twitter suspended Project Veritas for violating Twitter's policies regarding spreading "misinformation" (*false*) when she herself knew and had previously reported that Twitter had claimed a violation of Twitter's "personal (*true but private*) information" prohibition. Compl. ¶ 37.   Unlike implied defamation, it is not the case here that Cabrera's statements were otherwise true but produced a false *suggestion*. They were not false only by *impression* or *inference*. Rather, *her direct statements were false*. For this reason, even if, as CNN erroneously suggested, Project Veritas were required to prove CNN's statements materially false by clear and convincing evidence at this stage of the case, this series of statements amounts to direct, material falsity. CNN's defamation by implication argument is a red herring.

As discussed above, the entirety of CNN's segment – the communication as a whole – was focused on the spread of misinformation, imparting the inference that the mention of Project Veritas's Twitter removal was also premised on the spread of misinformation. CNN Brief 6. Further, in back to back sentences, Cabrera endorsed this inference when she cited Project Veritas's suspension as an "example" of social media cracking down on misinformation, and then reiterated it by circling back and again claiming "this

is part of a much broader crackdown as we mentioned by social media giants on accounts that are promoting misinformation." CNN Brief 6. Whether directly or by implication, CNN defamed Project Veritas.

### B. There is a material difference between telling the truth and telling a <u>lie.</u>

If CNN wishes to abandon "the whole truth and nothing but the truth" ethos of journalism in favor of a business model that merely confirms political narratives, that is its own concern – as long as it does not defame anyone in the process. But CNN asks this Court to find, as a matter of law, that, like claiming that black is white and peace is war, Cabrera may claim that true (albeit private) information is "substantially" the same as false "misinformation."  CNN's "substantially true" argument – that as a matter of law there is *no material difference between telling the truth and telling a lie* – reaches far beyond the narrow confines of the motion before the Court. Project Veritas respectfully requests that the Court decline to follow CNN's invitation to manufacture a new standard for truth in the context of this threshold motion.

Similarly, CNN attempts here to invoke the rule that "complete accuracy" is not necessary for the purposes of a substantial truth defense if "the gist or substance of the challenged statement be true." *Printers II, Inc. v.*

*Professionals Publishing, Inc.*, 784 F.2d 141, 146 (2d Cir. 1986). A statement is substantially true if, "as published [it] would have a different effect on the mind of the reader from that which the pleaded truth would have produced." *Fleckenstein v. Friedman*, 266 N.Y. 19, 25 (1934); *see Franklin v. Daily Holdings, Inc.*, 135 A.D.3d 87, 89 (2015).

In evaluating a defense of "substantial truth," the Court must "consider the [statement] as a whole, including its tone and apparent purpose, as well as the overall context of the publication …" *Stolatis v. Hernandez,* 161 A.D.3d 1207, 1210 (2018); *Kamalian v. Reader's Dig. Ass'n, Inc.*, 29 A.D.3d 527, 528 (2006). None of these formulations avails CNN's argument. Indeed, substantial truth is very different from a "half truth" – the latter, per *Agbimson v. Handy*, No. 17CV9252, 2019 WL 3817207 at *5 (S.D.N.Y. Aug. 14, 2019), being actionable. Here, however, there was not even an *element of truth* in Cabrera's claim that Project Veritas was banned from Twitter because of "misinformation" – but even if there had been, her statements would still be defamatory. *See Boehner v. Heise*, 734 F. Supp. 2d 389, 399 (S.D.N.Y. 2010) (alleged defamatory statements containing "elements of truth" but also "inaccurate information" create an issue of material fact and cannot be characterized as "substantially true").

14

    **i.**    **CNN's false statements in the CNN Brief concerning Project Veritas are both irrelevant under the Rule 12(b)(6) standard and shed no light on whether Cabrera's statements were <u>"substantially true."</u>**

To support its claims that its statements were "substantially true," the CNN Brief deposits on the Court's doorstep a questionable litany of "facts" that CNN claims Project Veritas has "not disputed" or over which there is "no dispute." These assertions are baseless, both in their own right and concerning their supposed "indisputable" status.  In other words, (1) these "facts" are untrue; (2) Project Veritas was never obligated, and at this stage it would not be appropriate, to dispute them; (3) Project Veritas was never obligated to address them affirmatively in its own pleading; and (4) they are irrelevant. CNN's sideshow of unpled "facts" is straight from the bad-faith rhetorical genre of "when did you stop beating your wife"– and, again, is inappropriate at any stage of this case, much less on a Rule 12(b)(6) motion.

Without evidence, CNN falsely claims:

- That "There is no dispute that Project Veritas was kicked off Twitter because it engaged in misconduct that endangered others," CNN Brief 1. This is false in substance and is very much disputed, *see* Compl. ¶¶ 26–29;
- That Project Veritas does not dispute the "material aspects" of Cabrera's statements, CNN Brief p.2. This is false in substance

and is disputed throughout the Complaint, *see* Compl. ¶¶ 2–4, 8–11, 27–28, 39, 42–44;

- That Project Veritas "does not dispute that the suspension occurred amid 'a much broader crackdown…by social media giants on accounts that are promoting misinformation,'" CNN Brief 14. This is utterly irrelevant and was never "disputed" because the claim was never asserted in this litigation, nor was it material to the allegations of whether this component of Cabrera's false statement was correct or not; and

- That Project Veritas "does not contest that the ban is an 'example' of that 'crackdown.'" CNN Brief 14. This is a complete fabrication and cannot possibly be argued in good faith by any honest reader of the Complaint.

CNN also asserts that the Complaint "asks the Court to rule that CNN defamed [Project Veritas] by *not* including the detail that Twitter stated that it banned [Project Veritas] for repeatedly violating its [privacy policy]." CNN Brief 15. This willful and wishful reading of the Complaint in no way resembles Project Veritas's claims. CNN's *failure* to state every possible imaginable reason for Twitter's ban of Project Veritas would likely not be actionable, though sins of omission can certainly be defamatory. But CNN's sin of *commission* – affirmatively attributing a *false* reason for Project Veritas's Twitter ban – is certainly actionable as defamation. That is this action.

ii.   **Accusing a party of telling "too much of truth" and accusing someone of telling a lie are of entirely different natures, and one <u>cannot be a "substantially true" reflection of the other.</u>**

"[A] writing which *tends* to disparage a person in the way of his office, profession, or trade is defamatory *per se*." *Celle v. Filipino Reporter Enterprises Inc.*, 209 F.3d 163, 179 (2d Cir. 2000) (internal quotation removed); *see also Yesner v. Spinner*, 765 F. Supp. 48, 52 (E.D.N.Y.1991) ("It has long been the law in New York that a defamatory statement that is a direct attack upon the business, trade or profession of the plaintiff is considered defamation 'per se,' …"). Here, as in *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 368 (S.D.N.Y. 1998), the "defendant simply asks too much in asserting that [its] statements are substantially true, because the difference between the two is plainly substantial."

When a journalism organization is "punished" for publishing too much truth, too accurately, it is a "plainly substantial" difference for a competitor to publish a claim that the organization was punished for publishing "wrong information." Twitter's stated reason for removing Project Veritas was sharing true, but "private," information," not promoting "misinformation." Those two claims are not equivalent. The "gist or substance" of the one does not remotely describe the other; the two claims lie on entirely different conceptual claims

17

and never intersect. CNN may think the two are the same but they are, in fact, all but polar opposites.

Notwithstanding that this is news to CNN, the difference between telling the truth and telling a lie has been long recognized in human relations, morality, and judicial systems throughout history and across cultures. *See* 4 William Blackstone, Commentaries on the Laws of England 163 (1st American ed. 1772) (reprint 1992) (in early common law, telling a lie under oath was punishable by death, banishment, or "cutting out the tongue"); 18 U.S.C. § 1621. From a legal perspective, making a knowingly false statement under oath is a criminal offense; making a statement which is "literally accurate, technically responsive, or legally truthful" is not. *United States v. Wall*, 371 F.2d 398, 400 (6th Cir. 1967). Truth is still ultimately truth, not its opposite.

This difference between telling the truth and telling a lie, which CNN attempts to elide in its motion, has long been a core journalistic concept. It is precisely because that ethic is central and fundamental to Project Veritas's mission and purpose, Compl. ¶ 3, that the defamation by CNN – an older, larger, wealthy competitor – is an appropriate object of adjudication and compensation. Now that CNN has published the lie that Twitter banned Project Veritas for being a purveyor of misinformation – where, if not in this Court, does Project Veritas go to get its reputation back?

18

Project Veritas's mission and purpose requires its commitment to telling the truth.  As the NYU *Journalism Handbook for Students* states: "Journalists must live up to the highest standards of integrity, and by integrity we mean: truth, fairness, sincerity, and avoiding the appearance of a conflict of interest." Adam L. Penenberg, *NYU Journalism Handbook for Students: Ethics, Law and Good Practice*, Carter Journalism Institute (2020), https://journalism.nyu.edu/about-us/resources/ethics-handbook-for-students/ nyu-journalism-handbook-for-students/.  And not only is the journalist's role as a truthful purveyor of facts ingrained in traditional notions of journalistic integrity, it is also a core belief held by the American people. *See* Michael Barthel and Jeffrey Gottfried, "Majority of U.S. adults think news media should not add interpretation to the facts," PEW RESEARCH CENTER (Nov. 18, 2016),     https://www.pewresearch.org/fact-tank/2016/11/18/news-media-interpretation-vs-facts/.

Project Veritas exists *because* of the widely-held belief that traditional news outlets, such as CNN, no longer take this ethical responsibility seriously. *See e.g.,* Rick Poynter, "US ranks last among 46 countries in trust in media, Reuters Institute report finds," Poynter.com (June 21, 2021), https://www.poynter.org/ethics-trust/2021/us-ranks-last-among-46-countries-in-trust-in-media-reuters-institute-report-finds/.  Project Veritas ascribes to

19

the position that telling the truth is a requirement for ethical journalism and, ultimately, public trust and accountability. For these reasons, CNN's false claims that Twitter suspended Project Veritas for spreading misinformation are defamatory *per se*, directly impugning Project Veritas's fitness to engage in its chosen profession of journalism.

### iii. The entirety of the segment in which Cabrera made her comments was focused on misinformation, with no mention of <u>any other social media policy.</u>

Finally, contrary to CNN's claim, the context of Cabrera's comments supports Project Veritas's arguments regarding Cabrera's comments' defamatory meaning – not CNN's contrived explanation that the segment's focus was "on the larger context of social media companies strictly enforcing their policies." CNN Brief 6. When seeking to determine whether a statement is substantially true, New York law considers "the [statement] as a whole, including its tone and apparent purpose, as well as the overall context of the publication . . ." *Stolatis,* 161 A.D.3d at 1210; *Kamalian*, 29 A.D.3d 527, 528. Cabrera made a point of asserting that Twitter supposedly suspended Project Veritas as an example of a company "cracking down" on "misinformation." Her statements came in the middle of a segment discussing "QAnon" conspiracy theories and efforts to stop their public spread. CNN host Brian Stelter then reinforced Cabrera's comments when, without naming any other social media

"policy" other than the one regarding the "misinformation" that was the topic of the pair's discussion, he stated falsely that Project Veritas "got swept *up in a Twitter policy* by violating *multiple rules* on the site." See CNN Brief, Ex. 3, at 21. Stelter then circled back to QAnon and conspiracy theories again to close the segment, stating his journalistic opinion that what was "most important" to remember is America needed "real leaders" "not to flirt with QAnon," "not flirt with conspiracy theory language," and "not to indulge in indecency with the kind of really hyper partisan conspiracy content that's out there." *Id.*

In other words, the beginning, middle, and end of the CNN segment at issue were about conspiracy theories, misinformation, and how government and social media companies were working to address the alleged spread of misinformation. See CNN Brief, Ex. 3 at 19–21. There was no discussion whatsoever about Twitter's private information policy or, for that matter, *any Twitter policy other than the misinformation policy*. There is no basis, therefore, for CNN's claim that the "gist" of the defamatory statements at issue were about social media companies more strictly enforcing their rules. The statement "as a whole," "its tone and apparent purpose," and the "overall context of the publication" support Project Veritas's claims, not CNN's. *See Stolatis, id.* at 1210; *Kamalian, id.* at 528.   CNN's published claims about

Project Veritas were not substantially true, and they conveyed to the average viewers an impression that was completely and materially false.

**C. Project Veritas's undisputed proof, set forth in the Complaint, that Cabrera reported the true facts regarding Project Veritas's Twitter removal prior to making her defamatory report creates a "plausible" <u>inference of malice.</u>**

On a motion to dismiss, "a public-figure plaintiff must plead plausible grounds to infer actual malice by alleging enough facts to raise a reasonable expectation that discovery will reveal evidence of actual malice." *Biro v. Conde Nast*, 807 F.3d 541, 546 (2d Cir. 2015). A public figure alleging defamation must allege facts showing that the defendant "actually entertained serious doubts as to the veracity of the published account, or [were] highly aware that the account was probably false." *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 703 (11th Cir. 2016). Although actual malice is subjective, a "court typically will infer actual malice from objective facts." *Bose Corp. v. Consumers Union of United States, Inc.*, 692 F.2d 189, 196 (1st Cir. 1982).

Indeed, "[m]alice may be proved inferentially because it is a matter of the defendant's subjective mental state, revolves around facts usually within the defendant's knowledge and control, and rarely is admitted." *Dalbec v. Gentleman's Companion, Inc.*, 828 F.2d 921, 927 (2d Cir.1987). Actual malice may be established through "the defendant's own actions or statements, the

dubious nature of his sources, [and] the inherent improbability of the story [among] other circumstantial evidence [.]" *Celle*, 209 F.3d 163 at 183 (citing *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1293 (D.C.Cir.1988)). "[A] publisher cannot feign ignorance or profess good faith when there are clear indications present which bring into question the truth or falsity of defamatory statements." *Sharon v. Time, Inc.* 599 F. Supp. 538, 585 (S.D.N.Y. 1984) (quoting *Gertz v. Robert Welch, Inc.*, 680 F.2d 527, 538 (7th Cir. 1982)); *see also*, *Hunt v. Liberty Lobby*, 720 F.2d 631, 645 (11th Cir. 1983) (finding an inference of actual malice can be drawn when a defendant publishes a defamatory statement that contradicts information known to him).

The standard for pleading actual malice in a New York defamation action was recently addressed in *Palin v. New York Times Co.*, 940 F.3d 804 (2d Cir. 2019). There the Court found that the public figure plaintiff sufficiently pled malice by alleging that (a) the author of the statements had served as editor-and-chief when prior articles describing the truth had been published, creating a "permissible inference" that the author knew his statements were defamatory; and (b) the author's political opposition suggested a "personal connection" to the hostility beyond mere political disagreement. *Id.* at 815.

Applying this recent appellate standard for New York defamation law here, it is clear from the Complaint that Project Veritas has set forth

23

allegations, along with undisputed proof from the public record, that CNN's Cabrera knew her statements were false when she made them. That record shows that four days before her defamatory comments on air at CNN, Cabrera tweeted that Twitter had "permanently ban[ned] Project Veritas" because of a single reason, namely, "repeated violations of Twitter's policies *prohibiting the sharing – or threats of sharing – of other people's private information without consent.*" *See* CNN Brief, Ex. 2. CNN also widely reported on the ban in its on-air reporting. Compl. ¶¶ 6, 37, 42. This direct evidence of prior truthful statements supports a plausible inference that the defamatory statements were made with actual malice.

That inference is also supported by the allegations, backed up with ample proof, of CNN's animosity toward Project Veritas. CNN has been a frequent subject of Project Veritas exposés. Compl. ¶¶ 35–36, 51. CNN nonetheless insists that this Court should disregard Project Veritas' plausible allegations and the facts concerning Cabrera's two different versions of the Project Veritas "story" to find that the difference between them was so immaterial as to negate – as a matter of law! – any possible inference of malice. CNN Brief pg. 18. As argued above in pages 8–10, violating Twitter's private information policies cannot be an example of a crackdown on "misinformation," which is *false* information. A claim that Twitter suspended Project Veritas for

"promoting misinformation" is a material falsity, and Project Veritas has amply pled plausible allegations of malice.

Finally, it must be recalled that, even after Project Veritas informed CNN of its false statement and demanded a retraction, and even after being served with this lawsuit, CNN refused to correct its statements, even to bring its later reporting into line with its original reporting. While the failure to issue a retraction is not evidence of malice at the time of publication, "concern for the truth as evidenced by the simultaneous publication of [a] retraction," under New York law, has been traditionally "considered some evidence of lack of ill will." *DiLorenzo v. New York News, Inc.*, 78 A.D.2d 669, 673 (N.Y.S.2d 1980). CNN had a chance to do the right thing, and it chose not to.

## CONCLUSION

For the foregoing reasons, the Court should deny CNN's motion to dismiss. If the Court grants CNN's motion in any respect, Project Veritas respectfully requests leave to amend its Complaint to correct any defects.

BY:  /S/HARMEET K.  DHILLON (*pro hac vice*)
**DHILLON LAW GROUP INC.**
Harmeet K. Dhillon (*pro hac vice*)
Ronald D. Coleman (*pro hac vice*)
Karin M. Sweigart (*pro hac vice*)
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Fax: (415) 520-6593

25

BY: /s/Douglas Chalmers, Jr.
**Chalmers & Adams LLC**
Douglas Chalmers, Jr. (GA Bar # 118742)
Heather Wagner (GA Bar # 962353)
5805 State Bridge Road #G77
Johns Creek, GA 30097
Phone: (770) 630-5927
Fax: (866) 716-6089

*Attorneys for Plaintiff*
*Project Veritas*

26

**Local Rule 7.1(D) Certification of Compliance**

I hereby certify that the foregoing pleading has been prepared with Century Schoolbook font, 13 point, one of the font and point selections approved by the Court in L.R. 5.1, N.D. Ga.

This 8th day of July 2021.

/S/DOUGLAS CHALMERS, JR.
Douglas Chalmers, Jr. (GA Bar # 118742)

27

**CERTIFICATE OF SERVICE**

I hereby certify that, on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send email notification of such filing to all counsel of record.

This 8th day of July 2021.

/S/DOUGLAS CHALMERS, JR.
Douglas Chalmers, Jr. (GA Bar # 118742)